UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARSHALL DANIELS,<br><br>Plaintiff,<br><br>v.<br><br>ALPHABET INC., et al.,<br><br>Defendants. | Case No. 20-cv-04687-VKD<br><br>**ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 33 |

On March 31, 2021, this Court granted plaintiff Marshall Daniels leave to file an amended complaint only as to his breach of contract claim. *See* Dkt. No. 31 at 15, 22-23. Two weeks later, Mr. Daniels filed a first amended complaint ("FAC") against defendants Alphabet, Inc. ("Alphabet"), Google LLC ("Google"), YouTube, LLC ("YouTube"), and Does 1 through 10, asserting an amended breach of contract claim, as well as all of the other claims asserted in his original complaint. Dkt. No. 32.

Defendants again move to dismiss Mr. Daniels's FAC under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim, and under Section 230(c) of the Communications Decency Act ("CDA"), 47 U.S.C. § 230(c). Dkt. No. 33. Defendants also move to strike the claims the Court earlier dismissed. *Id.* The Court finds defendants' motion suitable for decision on the papers without oral argument. Civil L.R. 7-1(b). Having considered the parties' briefing, the Court grants defendants' motion to dismiss.

## I. AMENDED ALLEGATIONS[1]

Mr. Daniels has a YouTube channel on which he posts videos concerning "issues of politics, race, public health, spirituality, and economics." Dkt. No. 32 ¶ 5, 6. Videos posted to a YouTube channel must comply with YouTube's Community Guidelines. *Id.* ¶ 13.

In the spring of 2020, YouTube took down at least two of Mr. Daniels's videos for violating YouTube's Community Guidelines and its policy on harassment and bullying. *Id.* ¶¶ 9, 10. According to Mr. Daniels, YouTube also "retained monies that Mr. Daniels's fans and followers have donated to him through the YouTube platform's SuperChat function." *Id.* ¶ 13.

The SuperChat function "allows third parties to donate monies to content creators such as Mr. Daniels during a live stream." *Id.* ¶ 13. Any viewer watching a YouTube livestream can purchase a "SuperChat," which is a highlighted chat that remains pinned to the top of the chat stream for up to five hours. *Id.* ¶ 19. According to Mr. Daniels, "Google represents to its users that 'SuperChat and Super Stickers are ways to monetize your channel through the YouTube Partner Program.'" *Id.* ¶ 13. SuperChat revenue is "separate and apart from YouTube Partner advertising revenue." *Id.* ¶ 13 n.4.

YouTube's Terms of Service do not mention the SuperChat function. *Id.* ¶ 20. However, according to Mr. Daniels, YouTube has separately represented that the only circumstance in which the SuperChat function will be "demonetized" is when "the creator has been dormant for six months." *Id.* ¶ 21. Mr. Daniels alleges that he "never received the SuperChat revenues that were due and owing to him at the time that YouTube demonetized him and disabled his SuperChat function." *Id.* ¶ 23.

## II. LEGAL STANDARD

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of the claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d

---

[1] Because this Court granted Mr. Daniels leave to amend his complaint only as to his breach of contract claim (Dkt. No. 31 at 15, 22-23), the Court describes only the facts relevant to that claim. Unless otherwise noted, the factual allegations are taken from the FAC, and they are accepted as true for the purposes of the motion to dismiss. *See Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011).

2

1  729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese*, 643 F.3d at 690. While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The Court is not required to "'assume the truth of legal conclusions merely because they are cast in the form of factual allegations.'" *Prager Univ. v. Google LLC*, No. 17-CV-06064-LHK, 2018 WL 1471939, at *3 (N.D. Cal. Mar. 26, 2018) (quoting *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam)). Nor does the Court accept any allegations that contradict documents attached to the complaint or incorporated by reference, *Gonzalez v. Planned Parenthood of L.A.*, 759 F.3d 1112, 1115 (9th Cir. 2014), or that rest on "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," *In re Gilead Sci. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Finally, a court generally may not consider any material beyond the pleadings when ruling on a Rule 12(b)(6) motion. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001); *Aguilera v. Molina*, No. 18-cv-03389-HSG, 2020 WL 4050873, at *2 (N.D. Cal. Jul. 20, 2020). Documents appended to the complaint, incorporated by reference in the complaint, or which properly are the subject of judicial notice may be considered along with the complaint when deciding a Rule 12(b)(6) motion. *Khoja v. Orexigen Therapeutics*, 889 F.3d 988, 998 (9th Cir. 2018); *see also Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

### III. DISCUSSION

#### A. Motion to Dismiss Breach of Contract Claim

Defendants urge dismissal of Mr. Daniels's amended breach of contract claim, contending that Mr. Daniels fails to state a claim based on either (1) YouTube's alleged withholding of SuperChat revenue, or (2) YouTube's removal of his videos and alleged failure to notify him of the reason for their removal or to provide an appeals process. Dkt. No. 33 at 6-9. Further, to the

3

extent that Mr. Daniels does state a contract claim based on YouTube's removal of his videos, defendants contend that such a claim is barred by Section 230(c) of the CDA. *Id.* at 10.

### 1. Breach of Contract

This Court previously dismissed plaintiff's breach of contract claim for four reasons. *See* Dkt. No. 31 at 13-15. First, with respect to Mr. Daniels's allegation that defendants breached YouTube's Terms of Service by failing to inform him when one of his videos was flagged or removed, the Court found that Mr. Daniels did not plead any facts suggesting that defendants were required to notify him of the specific reasons for the removal of his content or that YouTube's alleged failure to provide advance notification was inconsistent with the highly discretionary policy described in the Terms of Service. *See* Dkt. No. 31 at 14; Dkt. No. 18-2 at 4. Second, with respect to Mr. Daniels's allegation that defendants breached the Terms of Service by failing to provide an appeals process, the Court found that the Terms of Service did not guarantee an appeals process in any particular form, and even if it did, Mr. Daniels had acknowledged that he engaged in an appeals process for both of his removed videos. Dkt. No. 31 at 14. Third, with respect to Mr. Daniels's allegation that defendants breached the Terms of Service by failing to permit Mr. Daniels to post his videos, the Court found that the express terms of the Terms of Service contradicted Mr. Daniels's claim that the Terms of Service permit YouTube to remove content only in the event that that content violates the Community Guidelines. *See* Dkt. No. 31 at 14-15; Dkt. No. 18-2 at 4 ("YouTube is under no obligation to host or serve Content" and "may remove or take down that Content in our discretion"). Fourth, with respect to Mr. Daniels's allegation that defendants failed to pay him based on SuperChat views and donations, the Court found that Mr. Daniels had failed to adequately allege a promise that was breached because the Terms of Service on which Mr. Daniels relies do not address any kind of arrangement to pay users based on SuperChat views and donations. *See* Dkt. No. 31 at 15. However, the Court observed that Mr. Daniels might be able to plead a proper breach of contract claim based on a different agreement, such as the YouTube Partner Program agreement. *Id.*

As amended, Mr. Daniels's breach of contract claim asserts that Defendants promised to pay him monies he earned from SuperChat donations but breached that promise. Dkt. No. 32 ¶¶

4

93, 95. Mr. Daniels clarifies in his opposition that the amended claim does not challenge Defendants' removal of Mr. Daniels's videos, even though allegations about removal remain in the pleading. *See* Dkt. No. 34 at 5-6. Although the FAC includes additional allegations regarding the SuperChat program (*see* Dkt. No. 32 ¶¶ 16–23), Mr. Daniels's amended breach of contract claim continues to rely exclusively on YouTube's Terms of Service as the contract that Defendants allegedly breached.

Defendants argue, and Mr. Daniels concedes, that the Terms of Service do not contain any provisions regarding the SuperChat function. *See id.* ¶ 20; Dkt. No. 33 at 5. Mr. Daniels responds that Defendants' posted SuperChat policies are incorporated into and/or governed by YouTube's Terms of Service. Dkt. No. 34 at 3-4. Essentially, he suggests that the Terms of Service encompass any statements about the SuperChat function posted elsewhere by Defendants.

In the FAC, Mr. Daniels alleges that "YouTube has promised the users of the SuperChat function that there is one situation in which the SuperChat may be demonetized: if the creator has been dormant for six months." Dkt. No. 32 ¶ 20. In opposing dismissal, Mr. Daniels identifies the source of this alleged promise as a document already of record in this proceeding: Exhibit 12[2] to the declaration of Lauren White. Dkt. No. 18-13. That document, titled "YouTube Partner Program overview & eligibility," includes the following statement: "We updated this article to provide more transparency that YouTube may disable monetization for channels that haven't uploaded a video or posted to the Community tab for 6 months or more." *Id.* Mr. Daniels's assertion that this statement constitutes a promise by Defendants to pay Mr. Daniels for SuperChat donations so long as his channel is not dormant from six months or more is simply implausible.[3] The statement does not refer to the SuperChat function, nor does it contain a promise that the *only* circumstance in which monetization will be disabled is if a channel is dormant for six months. Mr. Daniels describes no other basis for Defendants' purported breach of a promise to pay him for

---

[2] Mr. Daniels appears to refer to Exhibit 13 in error.

[3] Mr. Daniels also refers to Exhibit 15 to the White declaration (Dkt. No. 18-16) in footnote 2 of his opposition, but the Court cannot find any representation in that document that matches the description Mr. Daniels provides in his brief.

5

SuperChat donations already earned.

In sum, Mr. Daniels's FAC does not state a claim for breach of contract because, as before, he fails to identify any contractual obligation that Defendants breached.

### 2. Section 230(c)

In the FAC, Mr. Daniels acknowledges that he is "aware that this Court has dismissed with prejudice all of his non-contract claims and that he has only received leave to amend the Fifth Claim for Relief (breach of contract)." Dkt. No. 32 at 19 n.5. Further, Mr. Daniels acknowledges that his amended contract claim is limited to "monies that Plaintiff had already earned by that Defendants declined to remit to him," and do not involve decisions about removal of content with which Section 230(c) of the CDA is concerned. Dkt. No. 34 at 6. Accordingly, it is unnecessary for the Court to consider whether Section 230(c) immunity bars Mr. Daniels's amended contract claim.

### B. Motion to Strike Other Claims

Defendants ask the Court to strike from the FAC those allegations for which no leave to amend was granted. Dkt. No. 33 at 5 n.1. Rule 12(f) of the Federal Rules of Civil Procedure permits the Court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Given the Court's prior instruction to Mr. Daniels that "the Court grants Mr. Daniels leave to amend only his breach of contract claim" (Dkt. No. 31 at 23), the Court grants defendants' request and strikes from the FAC all other claims for relief. *See Barker v. Avila*, No. 2:09-cv-00001-GEB-JFM, 2010 WL 3171067, at \*2 (E.D. Cal. Aug. 11, 2010) (striking from the first amended complaint new allegations unauthorized by the court's prior scheduling order prohibiting further amendments unless good cause was shown); *see also Carbajal v. Dorn*, No. CV-09-283-PHX-DGC, 2010 WL 487433, at \*1-2 (D. Ariz. Feb. 4, 2010) (striking from the amended complaint allegations that exceeded the scope of amendment permitted by the court).

### IV. CONCLUSION

As Mr. Daniels does not suggest there is any respect in which he could further amend his complaint to state a claim for breach of contract, the Court grants defendants' motion to dismiss the FAC with prejudice and defendants' motion to strike.

**IT IS SO ORDERED.**

Dated: July 8, 2021

 VIRGINIA K. DEMARCHI
 United States Magistrate Judge